UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

RUBEN CHAVEZ,
Defendant.

Case No. 21-cr-00309-JD-1

**ORDER RE EARLY TERMINATION OF SUPERVISION**

On October 20, 2021, defendant Ruben Chavez pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) for possession with intent to distribute and distribution of a mixture and substance containing methamphetamine in an amount of approximately 508 grams. Dkt. Nos. 40, 41. At the time of sentencing in December 2022, Chavez had a Criminal History Category of VI. Dkt. No. 42 ¶ 39. Chavez was sentenced to time served, followed by 5 years of supervised release. Dkt. No. 63. The custody period was well below the low end of 92 months in the Guidelines recommendation of the United States Sentencing Commission.

Chavez's term of supervised release will end on December 18, 2027. Dkt. No. 66 at 1. The United States Probation Office (USPO) proposes that supervised release be terminated in full at this time. Dkt. No. 66. The government has not opposed the request. Termination is denied.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." "The Court 'enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.'" *United States v. Rudy*, No. 20-CR-00111-JD-1, 2025 WL 2799100, at *2 (N.D. Cal. Oct. 1, 2025) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)), *aff'd*, No. 25-4792, 2025 WL 2871860 (9th Cir. Oct. 9, 2025). Its discretion is guided by several

of the factors stated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). "These factors 'include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines.'" *Rudy*, 2025 WL 2799100, at *2 (quoting *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020)). "[E]xceptional or extraordinary circumstances" are not prerequisites to relief, *United States v. Ponce*, 22 F.4th 1045, 1046-47 (9th Cir. 2022), nor is a showing of undue hardship, *Emmett*, 749 F.3d at 819.

"The defendant bears the burden of demonstrating that early termination is warranted." *Rudy*, 2025 WL 2799100, at *2 (citing *United States v. Webster*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)). "In deciding an early termination request, the Court should explain its reasons, but it 'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them.'" *Id.* (quoting *Emmett*, 749 F.3d at 821-22 (alteration in original)).

By all accounts, Chavez has complied with the conditions of his supervised release and has shown commendable progress in moving his life in a positive direction. *See, e.g.*, Dkt. No. 66. His active involvement with his church is noteworthy, as is his stable employment.

Even so, early termination is not in the interests of justice or compelled by the factors of 18 U.S.C. § 3553(a) as incorporated by 18 U.S.C. § 3583(e). The record indicates that Chavez has benefitted substantially from the supervised release conditions. The key conditions of his release provide supervision and support essential to his rehabilitation, and protect the public from further criminal conduct by a defendant with a long record of prior offenses. In that respect, Chavez is subject to a special search condition that permits law enforcement to access his electronic devices and their data. This condition is particularly important for public safety because Chavez used cell phone communications to facilitate his drug offense.

It bears emphasis that the Court imposed a substantially reduced period of custody in a case that arguably warranted several years of confinement in prison. The imposition of a very light custody term was driven in large part by the expectation that Chavez would be subject to 5 years of supervised release to help ensure he did not return to the conduct that resulted in a

Criminal History Category of VI. Early termination of supervised release would be inconsistent with the rationale underlying the original sentence.

**IT IS SO ORDERED.**

Dated: August 19, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California